

RECEIVED
JUN 2 4 2005
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

UNITED STATES | ENGLAND | GERMANY | CHINA

RUSSELL STEWART
RStewart@faegre.com
303.607.3688

June 22, 2005

The Honorable Robert W. Pratt          **VIA HAND DELIVERY**
Judge, United States District Court
Southern District of Iowa
123 E. Walnut Street
Room 300
Des Moines, IA 50306-9344

    Re:    *Culbertson v. Leavitt, et al.*, civil action no. *4:05-CV-67-RP-TJS*

Dear Judge Pratt:

    I write to respond to the Court's request at the June 21, 2005, hearing to comment on the relevance of *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375 (1994) to the issues raised by the motions in the *Culbertson* case.

    In *Kokkonen*, the parties settled their dispute and agreed to dismiss all claims alleged in their civil action. The parties signed a stipulation for dismissal under Rule 41(a)(1)(ii) and the federal district court noted on the filing "it is so ordered." The stipulation and order of dismissal did not refer to or incorporate the parties' settlement agreement.

    After the civil action was dismissed, one of the parties filed a motion to enforce the agreement, alleging that the other had failed to perform its settlement promises. The district court concluded that it had jurisdiction *ancillary* to the dismissed civil action to hear and act on the motion; the Supreme Court reversed. Enforcement of the settlement agreement, the Supreme Court held, "requires its own basis for jurisdiction." *Id* at. 378. As the *Kokkonen* opinion explains:

> [T]he only order here was that the suit be dismissed, a disposition that is no way flouted or imperiled by the alleged breach of the settlement agreement. *The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of*

June 22, 2005
Page 2

> *would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.*

*Id* at 380-381 (emphasis added). In contrast to the dismissal order in *Kokkonen*, Carly Culbertson and the United States stipulated to the entry of *Judgment* by the Court of Federal Claims (CFC) in favor of Petitioner that grants continuing affirmative relief. (bates no. 000012 following the amended complaint). The Judgment refers to and incorporates the Stipulation, (bates no. 0000114 to 000021), which is itself incorporated into the Trust Agreement. (bates no. 000011).

The obligations created by the Judgment continue for as long as Carly is living. Paragraph 16 of the stipulation directs, for example, that "monies provided pursuant to this stipulation . . . will be used solely for the benefit of Carly as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g)." (bates no. 00019). Here, in contrast to *Kokkonen*, any alleged failure to make payments required by the Stipulation is a direct violation of the Judgment. All federal courts have express and implied jurisdiction to enforce their Judgments and vindicate their decrees – whether through a statute such as 42 U.S.C. §300aa-12(a); F.R.Civ.P. 70, or the court's inherent contempt powers. *See Peacock v. Thomas*, 516 U.S. 349, 357 (1996).

The rationale of the *Kokkonen* decision makes plain that a federal court, like the CFC in this case, retains ancillary jurisdiction to vindicate its authority by enforcing a judgment that embodies a stipulation requiring future performance. Certainly if an order of *dismissal* can incorporate the parties' stipulation and confer ancillary jurisdiction, *cf*, *Kokkonen* at 381-382, "we think the court is authorized to embody the settlement contract in its dismissal order," there is no question that the CFC has ancillary jurisdiction to enforce its *Judgment* that incorporates the Stipulation and Trust Agreement.

Very truly yours,

Russell Stewart
*by [signature]*

cc: Scott M. Brennan, Esq.
    Kimberly M. Colonna, Esq.
    Christopher D. Hagen, Esq.

DNVR1:60307192.01